THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| STEVEN KNIGHT and SARAH KNIGHT ) | | Case No. 2:10CV898 DS |
| Plaintiff, ) | | |
| vs. ) | | MEMORANDUM DECISION |
| BAC HOME LOANS SERVICING, LP; ) RECONTRUST COMPANY, N.A.; JOHN DOES I-V; ABC CORPORATIONS I-V; ) and XYZ PARTNERSHIPS I-V ) ) Defendant. ) | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

Plaintiffs brought this lawsuit to stop the foreclosure of their home, alleging deficiencies with the foreclosure process and TILA violations regarding the underlying note. The Knights have alleged five causes of action. The first is a claim for rescission under TILA based on an alleged failure to include certain charges in the "finance charge" disclosure. The remaining claims, for "negligence," "negligent misrepresentation," breach of good faith and fair dealing, and "improper foreclosure," are all apparently based on the claim that the foreclosure documents were dated differently. None of these claims is viable as a matter of law and the Court hereby grants the Defendants' Motion to Dismiss.

## II. STANDARD OF REVIEW

For the Knights' claims to survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] And while it is true in the Tenth Circuit that when considering a motion to dismiss, a court must accept as true all reasonable allegations in the light most favorable to the plaintiff,[2] it is also true that this tenet does not apply to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[3] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

## III. ANALYSIS

### A. Disclosure of Finance Charges

The Knights assert that because certain charges were not properly included in the "finance charge" of the TILA disclosure provided at the closing of their loan, the disclosure was insufficient, giving them three years to rescind the loan. The charges included a settlement fee, wire fee, reconveyance fee, courier fee and e-doc fee,[5] and totaled $360. Defendants argue that

---

[1] *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (U.S. 2009)

[2] *Russell v. United States,* 551 F.3d 1174, 1178 (10th Cir. Colo. 2008).

[3] *Ashcroft, at* 1949.

[4] *Id.*

[5] *See* Complaint ¶24.

none of these fees are finance charges. 15 U.S.C. § 1605(a) defines a "finance charge" as one

> imposed directly or indirectly by the creditor as an incident to the extension of credit. The finance charge does not include charges of a type payable in a comparable cash transaction. The finance charge shall not include fees and amounts imposed by third party closing agents (including settlement agents, attorneys, and escrow and title companies) if the creditor does not require the imposition of the charges or the services provided and does not retain the charges.

The statute goes on to enumerate several items that are specifically excluded in the computation of the "finance charge" in a real estate transaction, including "Fees for preparation of loan-related documents . . . [and] Fees for notarizing deeds and other documents." Both of those exclusions encompass the complained of charges in this case.

Plaintiffs argue that Section 226.4 of Regulation Z supplements the above definition by including charges that are required "as a condition of or an incident to the extension of credit." Plaintiffs assert that the fees in question were not optional and were incident to the closing of the loan, and that the credit would not have been granted if the borrower did not agree to pay them.

The Court disagrees. These charges are clearly "amounts imposed by third party closing agents" that are not finance charges. Defendants point out that these specific charges were not required by the creditor. BAC did not participate in the closing, and did not require the charges. These charges would be equally "payable in a comparable cash transaction" and are therefore not finance charges.[6] Finally, the amount at issue is under the tolerances for rescission. Regulation Z states that for rescission to be extended, the finance charge must be understated by "more than

---

[6] 15 U.S.C. § 1605(a).

½ of 1 percent of the face amount of the note or $100, whichever is greater."[7] The face value of this note is $251,060 and the tolerance amount is therefore $1,255.30. The total of the charges complained of is roughly $400, so the rescission period was not extended.

**B.  The Error in the Foreclosure Notices is Immaterial and Does not Affect the Sufficiency of the Notice or the Sale**

The Knights' claims regarding defects in the foreclosure notices are based on the fact that although the Notice of Default was dated April 13, 2010 and recorded April 15, 2010, the Assignment of Trust and the Substitution of Trustee were dated April 23, 2010 (obviously a mistake), but also recorded on April 15, 2010. Plaintiffs claim that these errors are not "mere scrivener errors," but are "serious and material." They argue that because of the error in the dates, ReconTrust executed the Notice of Default before it had any authority to do so. This argument fails, because even assuming that the Substitution of Trustee was signed after the Notice of Default, it specifically ratified all prior actions taken by ReconTrust as successor trustee, as permitted specifically by statute.[8]

In any event, the date error is completely immaterial. Obviously the Assignment and Substitution were signed before they were recorded. The purpose of the notice requirement for non-judicial foreclosures is to inform interested parties of the impending sale "so that they may act to protect those interests" and "prevent a sacrifice of the property."[9] The notice is sufficient if

---

[7] 12 CFR §226.23(g).

[8] *See* Utah Code Ann. §57-1-22(1)(c).

[9] *Concepts, Inc. v. First Sec. Realty Servs.*, 743 P.2d 1158, 1159 (Utah 1987).

the purpose of the notice is achieved, and "immaterial errors and mistakes will not affect the sufficiency of the notice or the sale made pursuant thereto."[10]  Clearly in this case, the purpose of the notice requirement has been met, and the Knights have suffered no prejudice.

C.  **Negligence Claims are barred by the Economic Loss Rule**

To the extent that the Knights' negligence and misrepresentation claims are based on the issues above, they fail for the same reasons those failed.  However, they fail for other reasons as well.  First, to the extent that the claim is based on the conduct of the foreclosure proceedings, it is barred by the economic loss rule, which prohibits tort claims for conduct governed by contract.[11]  Second, to the extent that the Knights are claiming that Defendants negligently caused them mental distress, that claim is legally deficient.  This court has held that foreclosing a trust deed is not the type of "unreasonably risky" behavior that can form the basis for such a claim.[12]  Finally, a misrepresentation claim requires as a threshold some sort of factual assertion which is false.[13]  The Knights fail to identify any false statements of fact or how they have relied upon them, and therefore have failed to state a claim for negligent misrepresentation.

---

[10] *Id.; see also Occidental/Nebraska Fed. Sav. Bank v. Mehr.* 791 P.2d 217, 221 (Utah Ct. App. 1990).

[11] *See Sunridge Dev. Corp. v. RB&G Eng'g, Inc.,* 2010 UT 6, ¶ 28.

[12] *See King v. American Mortgage Network,* Case No. 1:09cv162 (Sept. 2, 2010) ("the foreclosure of a security interest cannot give rise to a claim for emotional distress.")

[13] *See Gildea v. Guardian Title Co.,* 970 P.2d 1265, 1271 (Utah 1998).

## CONCLUSION

For the foregoing reasons Defendants' Motion to Dismiss is hereby granted and the Complaint is dismissed with prejudice.

SO ORDERED.

DATED this 1st day of June, 2011.

BY THE COURT:

*[signature: David Sam]*

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT